IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Robert D. Lewis,                    :

          Plaintiff,                :

     v.                             :      Case No. 2:12-cv-0490

Commissioner of Social              :      JUDGE MICHAEL H. WATSON
     Security,                             Magistrate Judge Kemp
                                    :
          Defendant.

REPORT AND RECOMMENDATION
AND ORDER

     Plaintiff, Robert D. Lewis, filed this action seeking review
of a decision of the Commissioner of Social Security denying his
application for disability insurance benefits.  As the complaint
reflects, Plaintiff did not receive timely notification of the
ALJ's decision in his case (if, in fact, one was ever made), and
the Appeals Council determined that his effort to appeal the
merits of that decision was untimely.  In his complaint, he
sought an order directing the Appeals Council to accept and
adjudicate his appeal.

     After service was made, the Commissioner moved to remand the
case pursuant to 42 U.S.C. §405(g), sentence six.  Doc. 7.  In
that motion, the Commissioner represented that Plaintiff had
timely submitted his arguments to the Appeals Council, and that
upon remand the Appeals Council would decide the appeal on its
merits.  Without objection from Plaintiff, the Court granted the
motion.  Doc. 8.

     A little more than a year later, Plaintiff moved to reopen
the case, stating in that motion (Doc. 9) that a fully favorable
decision had been issued on remand.  The case was reopened and
the Clerk entered judgment.  Plaintiff then moved for an award of

attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. §2412.  Doc. 12.  The motion has been fully briefed.  For the following reasons, it will be recommended that the motion be granted in substantial part, although the parties will be directed to supplement the record in one aspect before a final determination of the amount of the fee can be made.

## I.  Legal Standard

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the Court shall award to a prevailing party other than the United States attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application to the court within 30 days of the date that the judgment became final and non-appealable. The application must demonstrate that the party is a prevailing party and is eligible to receive a fee award.  It must also document the amount sought, including an itemized statement from the attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified.  Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification.  See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn.

-2-

1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984).  The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565.  As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact.  Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).  Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

## II.  The Application for Fees

In this case, Plaintiff's counsel, Clifford M. Farrell, represents that he spent 74.75 hours on this case in the District Court and at the administrative level after remand.  He requested an award of $14,950.00 for the time spent, at an hourly rate of $200.00, plus court costs of $368.87.  The total award sought by the motion was $15,318.87.  Doc. 12.  That has been increased by time spent on the reply - 12.75 hours, billed at $200.00 per hour, for a total of $2,550.00 in additional fees - so that the

-3-

total award now being sought is $17,868.87.

In the response (Doc. 17), the Commissioner takes issue both with the number of hours spent on the case and the proposed hourly rate of compensation, and also argues that the litigation position taken by the Commissioner in this Court was substantially justified.  The Court will address that question first.

III.  <u>Discussion</u>

A.  <u>Entitlement to a Fee Award</u>

The Commissioner's position on the issue of substantial justification can be stated simply.  The Commissioner argues (and the docket confirms) that the Commissioner did not defend this case in any way.  Rather, within 30 days of the date of service of the complaint, the Commissioner asked for a remand.  The Commissioner contends that "he acted as reasonably as possible under the circumstances."  Opposing Memorandum, Doc. 17, at 5. The Commissioner's brief also points out that the award of benefits was not based solely on the record as it was presented to the Appeals Council by way of Plaintiff's appeal, but relied instead on additional applications and a new consultative examination which was ordered after remand.  For those reasons, the Commissioner claims that Plaintiff has not shown an entitlement to an award under the EAJA.

Plaintiff's primary response to this argument is to cite the Court to the Court of Appeals' decision in <u>Marshall v. Comm'r of Social Security</u>, 444 F.3d 837 (6th Cir. 2006).  Plaintiff contends that in the <u>Marshall</u> case, like this case, the Commissioner filed a motion to remand filed in lieu of an answer and did not concede legal error, yet the Court of Appeals found an award of fees under the EAJA to be appropriate.

The precise question presented in <u>Marshall</u> was whether a party who obtains a sentence six remand at the behest of the

-4-

Commissioner, and then prevails on remand, is also a prevailing party for EAJA purposes.  The Court of Appeals observed that the district courts retain jurisdiction after a sentence six remand and that the district court in that case actually entered a judgment in the plaintiff's favor after the remand process was complete.  Based on those facts, it held that the judgment conferred prevailing party status on the plaintiff.  Since the district court had concluded otherwise, the case was remanded for a determination of whether the Commissioner's position was substantially justified.

The Court of Appeals in Marshall was not asked to determine if the Commissioner could escape liability for an EAJA fee award by agreeing, quickly and reasonably, to a voluntary remand.  Consequently, the precise holding in Marshall does not answer the question posed by the Commissioner's opposing memorandum filed in this case.  The district court, however, answered that question when it awarded fees under the EAJA in a memorandum order filed on August 31, 2007.  See Marshall v. Comm'r of Social Security, Case No. 7:02-cv-00041 (E.D. Ky.), Doc. 40.

Indirectly, however, the Court of Appeals addressed that issue as well.  It did not rule out the possibility of a fee award under the EAJA just because the case had been remanded by stipulation without the filing of an answer; in fact, the decision strongly implies that had the record of administrative proceedings been filed with the district court prior to the appeal, it could have decided itself the issue of whether the Commissioner's overall position was substantially justified. Marshall both quoted 28 U.S.C. §2412(d)(1)(B), which says that the "substantially justified" decision must be made on the basis of the record "including the record with respect to the action or failure to act by the agency upon which the civil action is based," and stated that as a result of the absence of the

administrative record, "we cannot determine whether the
Commissioner's position below was 'substantially justified.'"
Marshall, 444 F.3d at 842.

The Commissioner has not cited any cases which appear to
hold that, if the Commissioner determines that the underlying
administrative decision is not defensible and that a stipulated
remand is the right result, a subsequent EAJA application must be
denied.  The case law suggests just the opposite - that is, that
"[t]he government thus must justify both positions [*i.e.* the
administrative position and the litigation position] to avoid
liability for EAJA fees."  Torres v. Barnhart, 2007 WL 1810238,
*9, 120 Soc.Sec.Rep.Serv. 536 (S.D.N.Y. June 25, 2007).  See also
Hardy v. Callahan, 1997 WL 470355, *6 (E.D. Tex. Aug. 11,
1997)(rejecting the argument that EAJA fees were inappropriate
because the Commissioner sought a sentence four remand after the
case was filed, and stating that "[t]he Government's position at
the agency level was not substantially justified, which is a
sufficient basis upon which an award of attorney's fees and costs
may be granted").  Courts in this Circuit routinely award fees
under the EAJA where the Commissioner consents to a sentence four
remand instead of contesting the matter - which is inconsistent
with the argument that if the Commissioner chooses not to defend
an indefensible position, the reasonableness of that decision, by
itself, defeats any application for fees under the EAJA.  See,
e.g., Mullins v. Astrue, 2012 WL 298155 (S.D. Ohio Feb. 1, 2012),
adopted and affirmed 2012 WL 628508 (S.D. Ohio Feb. 27, 2012);
see also Bernhart v. Comm'r of Social Security, 2013 WL 3822141
(N.D. Ohio July 23, 2013).

Here, the Commissioner does not argue that the agency
decision which was the subject of the initial complaint - the
Appeals Council's refusal to hear Plaintiff's appeal on grounds
that it was untimely, after the Appeals Council itself had set a

deadline for submitting arguments in support of the appeal - was
substantially justified.  As the <u>Hardy</u> decision points out, the
lack of justification for that decision is enough to support an
award of fees under the EAJA.  That is the only argument advanced
by the Commissioner in opposition to the Plaintiff's claim of
entitlement to a fee award.  Consequently, the Court concludes
that Plaintiff may obtain fees in this case because the
Commissioner has not demonstrated that both the litigation
position taken <u>and</u> the underlying agency action were
substantially justified.

B.  <u>The Hourly Rate</u>

The Commissioner also contests the amount of the requested
award, contending that the 1996 statutory rate of $125.00 should
cap any fee award made here.  According to the Commissioner, the
higher rate requested by Plaintiff is "arbitrary" and he has not
"tie[d] his request for an increased hourly rate to the cost of
living or cost of providing legal service[s]."  Commissioner's
Memorandum, Doc. 17, at 6.  Relying on the Court of Appeals for
the Seventh Circuit's decision in <u>Mathews-Sheets v. Astrue</u>, 653
F.3d 560 (7th Cir. 2011), the Commissioner argues that Plaintiff
was required to show that his "costs of providing adequate legal
service to a person seeking relief against the government have
increased since 1996," Doc. 17, at 7, and that he had not done
so.  The Commissioner also cites to a few scattered cases in this
District where social security attorneys have chosen not to ask
for more than $125.00 per hour, but, in the Court's view, they
have no precedential or persuasive value since counsel may
choose, for various reasons, not to seek fees in excess of that
rate, and many other social security attorneys choose the exact
opposite approach.

The key question here is whether Plaintiff has adequately
documented an increase in the overall cost of living which can be

-7-

applied to the $125.00 rate found in the EAJA.  There is no requirement, in this Circuit, that the Plaintiff show an increase in counsel's actual cost of providing legal services; the text of the EAJA refers only to "an increase in the cost of living," see 28 U.S.C. §2412(c)(2)(a), and, as this Court has said, "[t]he Consumer Price Index ... is the best indicator for computing the increase in the cost of living." Crabtree v. Colvin, 2013 WL 1314875, *1 (S.D. Ohio Mar. 29, 2013).

In support of his motion, Plaintiff has submitted a cost of living calculator sheet, the authenticity of which the Commissioner does not challenge.  The Commissioner is correct, however, that the $200 per hour rate being requested is somewhat arbitrary in the sense that counsel has not tied it to the cost of living increases shown on his exhibit, and the supporting memorandum concedes that the rate "is slightly above BLS [Bureau of Labor Standards] cost of living calculations."  Counsel has pointed to no authority for an award of fees above the statutory cap as adjusted for increases in the cost of living, so the rate he has asked for may not be awarded.

In a recent case, this Court found that the appropriate adjusted rate for services performed in 2012 was $180.00; for 2013, $182.50; and for 2014, $186.25.  These figures were derived from the Midwest Urban CPI, beginning with the index from March, 1996, which is the date the EAJA's $125.00 rate went into effect. See Hardy v. Comm'r of Social Security, 2014 WL 3687767, *2 (S.D. Ohio July 24, 2014), adopted and affirmed 2014 WL 4385745 (S.D. Ohio Sept. 4, 2014).  The Court does not have that same evidence here, because the exhibit submitted only dates to 2004 and does not appear to reflect the Midwest Urban CPI.  If the evidence submitted in Hardy were used here, the preliminary fee calculation would look like this:

2012 -  45.5 hours x $180.00 =  $8,190.00

2013 - 12.5 hours x $182.50 =  $2,281.25
2014 - 29.5 hours x $186.25 =  $5,494.37.
Total fee                    = $15,965.62

The problem with using this figure as the starting point for a fee award is that, as noted, the current record does not support this precise cost of living adjustment.  That is a curable defect, however.  Consequently, one of two courses of action is open to the parties in order to address this issue. Plaintiff can submit appropriate cost of living data to support these hourly rates, or the parties can stipulate to the hourly rates used in this calculation while reserving the right to challenge the other decisions reached in this Report and Recommendation.  Either should occur within fourteen days.  If Plaintiff chooses to submit additional evidence, the Commissioner will have fourteen days to respond to it.  The time for filing objections to the Report and Recommendation will not run until the final award is calculated.

> C.  Reasonableness of the Hours Spent

The Commissioner's final argument is that the time spent by counsel on the case was excessive and that it includes time spent performing clerical functions.  As the Court understands them, the Commissioner's contentions are:

1.  Any "judicial time" spent after the Commissioner moved to remand the case is not compensable because there were no court-related issues to be resolved after that;

2.  The number of hours (38.5) spent in drafting the complaint and other activities preceding the motion to remand are excessive; and

3.  "[A] significant number of hours Plaintiff's attorney seeks compensation are clerical or secretarial tasks and should not be compensated," such as drafting routine correspondence, making phone calls, calendaring receipt of documents, and gathering exhibits to attach to the complaint.  See Doc. 17, at

-9-

9.

     In his reply, Plaintiff devotes less than a full page of
argument to these contentions.  Most of the reply addresses the
question of whether time spent during the administrative process
after remand can be compensated under the EAJA.  However, the
Court does not read the Commissioner's memorandum as raising that
issue.  The only other observation made in the reply brief is
that "[t]he identified hours in Plaintiff's original <u>Motion</u> are
clear and well documented." Doc. 18, at 9.  The original motion
points out that no charge was made for some administrative or
clerical-type activities.  It is also accompanied by an affidavit
from counsel declaring that "[a]ll of the time spent on this case
was necessary in order to provide competent representation of my
client." <u>Id</u>., Exhibit B, ¶13.

     Having reviewed the itemization of time spent on judicial
proceedings prior to remand, the Court finds that a few time
entries do not appear to be compensable.  A May 30, 2012 entry
(1.25 hours) for preparing correspondence to the Appeals Council
seems to be time spent on the prior administrative proceeding.
A June 1, 2012 entry for marking exhibits and editing the
complaint (2.25 hours) would appear to be either excessive or to
contain time spent on clerical tasks.  1.5 hours seems more
reasonable.  The same is true for the 2-hour entry of June 5,
2012 which includes time reviewing exhibits and correlating and
cross-referencing them with the complaint.  One hour of attorney
time seems sufficient to do that.  Making those deductions, which
total three hours, reduces the 2012 court time to 42.5 hours.  In
the post-remand proceedings, there are numerous entries for
checking on the status of the Appeals Council's progress as well
as communicating that to the client, and also processing the
claimant's new address.  Some of this is clearly administrative
time, and the Court will make a 1.5-hour reduction for that work,
bringing the 2013 time down to 11 hours.  Absent more specific

argument from the Commissioner about specific time entries (and the Commissioner does not address any specific time entry in the opposing memorandum), the Court will not make any further reductions based on the arguments advanced by the Commissioner. The result of these reductions can be stated this way:

    2012 -  42.5 hours x $180.00 = $7,650.00
    2013 -  11.0 hours x $182.50 = $2,007.50
    2014 -  29.5 hours x $186.25 = $5,494.37.
    Total fee                    = $15,151.87

That is the fee award the Court would recommend, plus costs, if the record supported the hourly rates used in the calculation.

IV. <u>Recommended Decision and Order</u>

For these reasons, it is recommended that the Plaintiff's motion for an award of fees under the Equal Access to Justice Act (Doc. 12) be granted in substantial part. Within fourteen days, the parties may either stipulate to the hourly rates set forth above, or Plaintiff may supplement the record with appropriate evidence of the Midwest Urban CPI from March, 1996 to date. If that occurs, the Commissioner shall have fourteen days to respond to the new evidence. The time for objecting to any portion of this Report and Recommendation, including the determination that Plaintiff is entitled to a fee award and the determination of the number of hours for which compensation should be paid, shall not begin to run until the final fee award is calculated and a supplemental Report and Recommendation is issued.



                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge